MARY E. CURTIS ET AL. V. GEORGE C. ZUTAVERN ET AL.[*]

FILED JANUARY 5, 1905. No. 13,690.

Review: LAW OF CASE. It is the established and necessary practice of
this court that issues of law definitely decided upon error or ap-
peal cannot be relitigated in the district court in a subsequent
trial of the same case.

ERROR to the district court for Johnson county: JOHN
S. STULL, JUDGE. *Reversed with directions.*

*M. B. C. True* and *S. M. True,* for plaintiffs in error.

*S. P. Davidson, contra.*

AMES, C.

A former decision in this case is officially reported in
67 Neb. 183. It was there adjudged, after a full recital
and consideration of the pleadings and evidence, that the
defendant Zutavern was estopped by the decree in parti-
tion and by the recitals of the bond in suit from claiming
more than three-ninths of the land in controversy, includ-
ing, of course, the reversionary title to the fund set apart
for the guaranteeing of the dower estate, and represented
by the bond; and the cause was remanded for further pro-

---

[*] Rehearing allowed. See opinion, p. 47, *post.*

ceedings in accordance with the opinion. Evidently nothing consistent with this decision and having a tendency to enlarge the recovery of the defendant could have properly been shown in such further proceedings, except some transaction or transactions occurring subsequently to the date of the rendition of the decree of partition and of the giving of the bond, and tending to discharge the estoppel.

There was, however, a new trial in the district court upon the same pleadings as formerly, in the course of which evidence was produced, and inquiries were gone into, tending to impeach the decree in partition by showing that it was mistakenly or inadvertently procured, and that it is inequitable and unjust to the extent of two-ninths of the fund, one each of which was represented by Henry Cannon and Smith Cannon. This investigation, which was conducted in spite of the protest of the plaintiffs who insisted upon a judgment pursuant to the decision of this court, resulted in a judgment in their favor for three-ninths instead of five-ninths of the fund, one-ninth thereof, represented by Patience Curtis, having been voluntarily relinquished. How this result was reached is not to our minds entirely clear, but it is evident that it was by the consideration of matters of controversy merged in and foreclosed by the estoppels above mentioned, and which are, therefore, no longer proper subjects of judicial discussion. It is the established and necessary practice of this court that issues of law definitely decided upon error or appeal, cannot be relitigated in the district court in a subsequent trial of the same case. It is therefore recommended that the judgment of the district court be reversed, and that the cause be remanded, with instructions to ascertain five-ninths of the fund in controversy and render judgment therefor in conformity to the former opinion of this court.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district

court be reversed, and that the cause be remanded, with instructions to ascertain five-ninths of the fund in controversy and render judgment therefor in conformity to the former opinion of this court.

REVERSED.

The following opinion on rehearing was filed May 3, 1905. *Judgment of reversal adhered to:*

OLDHAM, C.

A rehearing was granted in this case for a further examination of the questions decided by this court at its first hearing in the opinion delivered by HASTINGS, C., and reported in 67 Neb. 183.

It is contended by counsel for defendants in error that the effect of this opinion was to reverse and remand the former judgment of the district court for a new trial of all the issues in that court; and it is contended on the other hand by counsel for plaintiffs in error that the effect of this decision was a final determination from the evidence that defendant Zutavern was the owner of three-ninths of the reversion of the dower interest in controversy, and no more, and that the court erred in permitting a trial of the issues that had been finally determined on the suit in partition on which the right to maintain this action was founded.

A careful review of the opinion delivered by HASTINGS, C., *supra,* shows that the questions therein finally determined are that defendant Zutavern and his sureties are estopped from denying the recitals in the bond sued upon; that at the time the bond was entered into Zutavern claimed no interest except the dower and three-ninths of the reversion in the dower right; and that the partition decree is conclusive on Zutavern as to his holding any other right or claim in the land at the time the decree was entered, and that the only right that Zutavern claims to have acquired since the decree in partition is an additional

one-ninth interest, which he obtained by quitclaim deed from Mrs. Patience Curtis. The opinion also held that it was plainly the intention of the court at the time the money was turned over to Zutavern and the bond taken for its repayment on the death of Mrs. Platt, that the money should be paid back after her death and be divided in accordance with the partition decree; and the opinion further held that it was proper to permit defendant Zutavern to show the acquisition from Mrs. Patience Curtis of her one-ninth interest in the reversion of the dower after the decree of partition. The opinion concludes as follows:

"It having been concluded that Zutavern is estopped by the decree and the bond given under it from claiming more than three-ninths of this land, it follows that the other parties to that action, who were makers of these deeds, are also estopped. It must be held, as to them, conclusive that at the time of the partition proceedings Zutavern held absolutely the dower interest and the three-ninths of the fee title. He therefore must be allowed to have that three-ninths of the reversion of this fund which is derived from the sale of his three-ninths of the land. It is believed, therefore, that the heirs of Bluford Cannon are entitled to recover six-ninths of this fund by their joint action, unless Patience Curtis is found to have assigned to Zutavern her original one-ninth of it; that the one-ninth of it belonging to Charles Henry Cannon in his lifetime, if he is dead without leaving a will, should go to the plaintiffs jointly; and that Benjamin Cannon, Katie Jones and Cora Jones should receive their portion of this one-ninth. As to Patience Curtis, the question of whether or not she has assigned her reversionary interest to Zutavern since the partion proceedings should be determined."

As we are compelled to view this opinion, it left but one question to be determined on a rehearing of the cause, and that was the question as to whether or not Patience Curtis had assigned her reversionary interest to Zutavern after the partition proceedings had been determined. This was the view of the case taken by Mr. Commissioner AMES

when the second opinion, reported, *ante*, p. 45, was delivered. At the last hearing in the district court it was determined that Patience Curtis had in fact assigned her reversionary interest to defendant Zutavern after the partition decree. This finding of the district court was not disturbed in the opinion, and the cause was remanded, with directions to the district court to ascertain the value of five-ninths of the fund in controversy and render judgment therefor. After a further examination of the questions involved, we think this opinion is right and recommend that it be adhered to.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former opinion is adhered to.

REVERSED.